THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00085-MR-DLH

| LINDA H. MAYES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 5] and the Defendant's Motion for Summary Judgment [Doc. 8].

**I.  PROCEDURAL HISTORY**

The Plaintiff Linda H. Mayes filed an application for disability insurance benefits on October 7, 2005, alleging that she had become disabled as of March 1, 2003. [Transcript ("T.") 129-133, 150, 182]. The Plaintiff's application was denied initially [T. 102-107] and on reconsideration [T. 110-116]. The Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which occurred on June 30, 2009. [T.

30-62]. On July 24, 2009, ALJ Avots issued an unfavorable decision. [T. 13-29]. On July 30, 2010, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 7-11]. The Plaintiff then brought this action in this Court.

The Commissioner moved for remand of the Plaintiff's case according to 42 U.S.C. § 405(g). [T. 617-19]. This Court remanded the case to the Appeals Council [T. 620-22], instructing that upon remand, the Commissioner was to:

> evaluate the severity of the Plaintiff's cervical and lumbar degenerative disc disease, and reassess Plaintiff's physical residual functional capacity in light of all of the medical evidence of record, obtaining input from the medical staff or a State Agency medical consultant, [and] if necessary, hold a new hearing at which Plaintiff will be able to testify and present evidence.

[T. 620-22]. The Appeals Council then remanded this matter to ALJ Riley for further hearing. [T. 558-89]. The Plaintiff amended her alleged onset date to June 20, 2007 at her hearing with ALJ Riley via video conference on July 23, 2012. [T. 562]. On August 14, 2012, ALJ Riley issued an unfavorable decision. On January 29, 2013, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 516-18]. The Plaintiff has exhausted all

available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the

3

Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the

claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## V.  THE ALJ'S DECISION

On August 14, 2012, ALJ Riley issued a decision denying the Plaintiff's claim. [T. 529-544]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was March 31, 2008 and that she had not engaged in substantial gainful activity since June 20, 2007. [T. 529-530]. The ALJ then found that the medical evidence established the following severe impairments: degenerative disc disease of the lumbar and cervical spines, back pain with spondylolisthesis at L5-S1 and facet changes, neck pain with degenerative disc disease and facet changes, bipolar disorder, personality disorder, substance abuse, and history of seizures. [T. 531]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [T. 537].

5

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) involving simple tasks with low stress and low demand, except with occasional postural activities, with no climbing of ladders, no working at unguarded heights, no working around hazardous equipment or machinery, and no driving. [T. 539]. The ALJ found that the Plaintiff was unable to perform any past relevant work. [T. 542]. The ALJ further found that the transferability of job skills was not material to the determination of disability according to the Medical-Vocational Rules framework. [T. 542-43]. Finally, when considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform, [T. 543], and he ruled that the Plaintiff was not disabled [T. 544].

## VI. DISCUSSION[1]

The Plaintiff asserts the following assignment of error: (1) that ALJ Riley failed to properly evaluate the opinion of Dr. Motley, the Plaintiff's treating physician; (2) and that ALJ Riley failed to follow the August 10,

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

2011 remand Order to re-evaluate the severity of the Plaintiff's cervical and lumbar degenerative disc disease by improperly applying the rules of 20 C.F.R. § 404.1527(c).

### A. The ALJ's Evaluation of Dr. Motley's Opinion

The Plaintiff specifically argues that the ALJ erred by not giving controlling weight to Dr. Motley's opinion, misapplying the 20 C.F.R. § 404.1527 factors, and not discussing Dr. Motley's treatment of the Plaintiff after June 2009. [Doc. 5-1 at 18-24].

An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an impairment, is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Thus, an opinion of a treating physician is not entitled to controlling weight if it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and/or inconsistent with other substantial evidence of record. Id.; see also Rogers v. Barnhart, 204 F. Supp. 2d 885, 893 (W.D.N.C. 2002) ("Even the opinion of a treating physician may be disregarded where it is inconsistent with clearly established, contemporaneous medical records").

7

Further, an ALJ must evaluate every medical opinion received in the record, regardless of its source. 20 C.F.R. § 404.1527(c). A "medical opinion" is a "judgment [ ] about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). In evaluating the weight of a medical source, the ALJ must consider certain factors including: the examining relationship, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, the specialization of the provider, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1–6). The ALJ is not required, however, to specifically discuss each of the 20 C.F.R. § 404.1527(c) factors in determining how much weight to give to medical opinions. See Clontz v. Astrue, No. 2:12-CV-00013-FDW, 2013 WL 3899507 at *7 (W.D.N.C. July 29, 2013).

The Plaintiff argues that the ALJ erred by not giving Dr. Motley's opinion controlling weight and not evaluating his opinions according to the factors set forth in 20 C.F.R. § 404.1527(c)(1)-(6). [Doc. 5-1 at 22]. The

8

ALJ did not err in these respects, however. The ALJ provided adequate explanation for why he did not adopt Dr. Motley's assessments of the Plaintiff's restrictions, as follows:

> He stated the claimant has a medical condition that affects the claimant's ability to work, but did not give clinical findings, laboratory results, and test results [to] support this statement . . . [H]e [Dr. Motley] apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, his objective findings are not consistent with the limitations he imposed on the claimant. Moreover, good reasons exist for questioning the reliability of the claimant's subjective complaints. Dr. Motley indicated that he feels the claimant is medically disabled and opined she has been disabled since 2000. However, the undersigned notes that Dr. Motley began treating the claimant in March 2008. The undersigned rejects Dr. Motley's opinion that the claimant is unable to engage in gainful employment on a regular reliable basis over eight hours and forty hours per week as it appears inconsistent with the medical signs and findings of record. Furthermore, it is inconsistent with other evidence of record including findings of consultative exams by Dr. Seagle. In addition, it contrasts sharply with the other evidence of record including the opinion of medical expert Dr. Bland, who had the opportunity to review the medical evidence of record.

[T. 541]. The ALJ noted many of Dr. Motley's opinions and findings throughout his treatment and care of the Plaintiff. [T. 533-35].[2] He discussed the Plaintiff's complaints, medications, injections, and therapy at Southeastern Sports Medicine, and noted specific visits for which the Plaintiff's records reflected some improvement with medication. [Id.]. Thus, the ALJ properly considered the factors within 20 C.F.R. § 404.1527(c)(1)-(6) when not giving controlling weight to Dr. Motley's opinions, as he found them to be based primarily on subjective complaints, not adequately supported by objective findings, and inconsistent with other evidence of record. [T. 541].

An ALJ 's "failure to discuss every specific piece of evidence 'does not establish that [the ALJ] failed to consider it.'" Mitchell v. Astrue, No. 2:11-cv-00056-MR, 2013 WL 678068 (W.D.N.C. Feb. 25, 2013) (quoting Elias v. Astrue, No. 3:07-cv-43, 2008 WL 191662, at *21 (N.D. W.Va. Jan. 22, 2008)). Although the ALJ did not discuss the Plaintiff's visits to Southeastern Sports Medicine after June 2009, any error by the ALJ in this respect was not prejudicial, because his decision was based upon substantial record evidence.

---

[2] In this regard, the ALJ also made note of the opinions of Dr. Motley's partner, Dr. Maxwell, who also treated the Plaintiff at Southeastern Sports Medicine. [T. 534, 536].

Therefore, the Plaintiff's arguments regarding the ALJ's evaluation of Dr. Motley's opinion are without merit.

**B. The ALJ's Compliance with the Order of Remand**

The Plaintiff further argues that the ALJ erred by failing to evaluate the severity of the Plaintiff's cervical and lumbar degenerative disc disease, according to the Order of Remand from this Court. [Doc. 5-1 at 19].

Here, this Court remanded the Plaintiff's case for the ALJ to perform the following:

> evaluate the severity of Plaintiff's cervical and lumbar degenerative disc disease, and reassess Plaintiff's physical residual functional capacity in light of all of the medical evidence of record, obtaining input from the medical staff or a State Agency medical consultant, [and] if necessary, hold a new hearing at which Plaintiff will be able to testify and present evidence.

[T. 620-22]. The Court finds that ALJ Riley properly followed the Order of Remand from this Court with regard to the evaluation of the Plaintiff's cervical and lumbar degenerative disc disease.

The ALJ acknowledged that "the record reveals degenerative disc disease of the cervical and lumbar spine as well as spondylolisthesis and facet changes. These are well documented and supported by medical signs and findings and are consistent throughout the medical evidence of record. This is also consistent with credible testimony by medical expert,

Dr. Bland." [T. 539-40]. The ALJ discussed many of the findings of consultative examiner Dr. Seagle [T. 532, 535, 540], Dr. Maxy of Carolina Orthopaedic Specialists [T. 533], and consultative examiner Dr. Caviness [T. 536, 540], in addition to the findings at Southeastern Sports Medicine [T. 533-35, 541] with regard to the Plaintiff's back and neck conditions.

Further, according to the direction of the Order of Remand from this Court, [T. 620-22], the ALJ obtained testimony from a medical expert, Dr. Susan Bland. [T. 575-80]. In his decision, the ALJ noted that Dr. Bland testified:

> that a review of the evidence regarding back pain reveals spondylolisthesis with pars defect at L5-S1 level documented on x-ray of February 2007. An MRI of June 2007 showed this plus foraminal narrowing at the L5-S1 level. She had some facet joint changes at that level. The combination of facet changes and ligamentum changes caused a mild spinal canal stenosis. In regard to her neck pain, imaging studies and x-rays showed some degenerative disc disease and some facet changes. There were pain management, evaluations, epidural steroid injections, and pain medication, the claimant has continued to complain of pain. Dr. Bland stated she looked at all the physical exams and there is no evidence of full-blown radiculopathy, objectively speaking. Although there is a suggestion of symptoms in the lower extremities, from an examination standpoint, she had normal strength, normal reflexes, and no atrophy. Straight leg tests were for the most part negative. The claimant has had some reduced range of motion in the lumbar spine. . . Dr. Bland stated that the claimant's

12

> limitations would be mostly for her back problem—spondylolisthesis, which justifies a light level of physical exertion with no more than light activity, which is lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. She stated occasional postural activities are supported by the evidence with no climbing of ladders, no working at unguarded heights, no working around hazardous equipment or machinery, and no driving (because of the medication she is taking).

[T. 536-37]. The ALJ's findings regarding the Plaintiff's residual functional capacity reflect Dr. Bland's observations with regard to the Plaintiff's ability to perform light work and her restrictions on physical activities. [T. 539].

Finally, the ALJ properly considered the credibility of the Plaintiff's own testimony. In the Fourth Circuit, a two-step process is used to analyze subjective allegations. Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006); Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996); 20 C.F.R. § 404.1529(b)-(c). First, the ALJ must determine whether a medical impairment is present which can reasonably be expected to cause the symptoms alleged. Craig, 76 F.3d at 594-95; 20 C.F.R. § 404.1529(b). If this question is answered affirmatively, the ALJ then must evaluate the intensity and persistence of the symptoms. Craig, 76 F.3d at 594-95; 20 C.F.R. § 404.1529(c). Factors relevant to this determination include the claimant's daily activities; the claimant's statements regarding the location, duration, and frequency of the symptoms; precipitating and aggravating

factors; and the effectiveness of medicine and other treatment. Craig, 76 F.3d at 594-95; 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). Moreover, although a claimant's allegations cannot be disregarded at step two because of a lack of objective evidence, an ALJ may still take the objective medical evidence into consideration and is free to reject the allegations to the extent they are inconsistent with the available evidence, including the objective medical evidence. Hines, 453 F.3d at 565 n.3; 20 C.F.R. § 404.1529(c)(2). Here, the ALJ undertook the proper analysis in rejecting the Plaintiff's allegations of completely disabling symptoms.

Here, the ALJ found the following regarding the Plaintiff's testimony:

> it was "not credible in regard to her described limitations, as it is not supported by the objective medical signs and findings of record. The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. . . . The claimant's report of actual activities including cleaning her house, reading, feeding chickens, cooking, washings [*sic*] dishes, mopping floors, carrying water, driving, and caring for her own personal needs indicates that she is able to get about in a manner which is not significantly restricted. The record does not indicate pain of such severity as to interfere with her ability to perform light work-related tasks. Moreover, the claimant lacks credibility due to drug use, inconsistent statements, and a prior incarceration."

[T. 542]. The ALJ did not err in his consideration of the Plaintiff's credibility in light of her daily activities, according to Craig, 76 F.3d at 594 and 20 C.F.R. § 404.1529(c)(3).

As noted previously, this Court will not substitute its own judgment for that of the Commissioner where substantial evidence exists in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d at 841. Here, the ALJ followed the instruction from the Order of Remand in this case, [T. 620-22], and properly evaluated the Plaintiff's medical record evidence. The ALJ acknowledged and evaluated the Plaintiff's cervical and lumbar degenerative disc disease, and his findings were properly supported by substantial evidence.

Thus, the Plaintiff's assignment of error regarding the Order of Remand in this case is without merit.

## O R D E R

Accordingly, **IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 5] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 8] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: Martin Reidinger
United States District Judge